# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

In re:

TICONDEROGA FARMS, LLC,     Case No. 22-10794-KHK
                            (Chapter 11)
    Debtor.

## MEMORANDUM OPINION AND ORDER
## DISMISSING CASE UNDER 11 U.S.C. § 305

### Introduction

This matter is before the Court pursuant to the Motion to Dismiss (Docket No. 17) filed by Alexandra B. Knop and William J. Knop, individually and in their capacities as Trustees of the Evergreen Trust (collectively, the "Movants"). In their Motion, the Movants seek (i) dismissal or abstention in favor of currently pending state court LLC dissolution proceedings pursuant to section 305(a)(1) of the Bankruptcy Code; (ii) dismissal as a bad faith filing under section 1112(b) of the Bankruptcy Code; or (iii) relief from the automatic stay to continue the state court LLC dissolution, under section 362(d)(1) of the Bankruptcy Code. For the reasons that follow, the Court will dismiss this case pursuant to section 305 as it is in the best interest of the debtor, its creditors and its members. Because the Court will dismiss this case pursuant to section 305, it declines to reach the Movant's requests to alternatively dismiss under 1112(b) or to lift the automatic stay.

### Undisputed Facts

Ticonderoga Farms ("Ticonderoga") is a limited liability company organized under the laws of Virginia, owning approximately 1,000 acres of land. [6/14/21 (A. Knop) Tr. 66:21-67:6; Ex. 7]. The members are: Peter J. Knop (72.76%); William Knop (9.08%); Alexandra Knop (9.08%); and the Evergreen Trust established by Peter R.Q. Knop (9.08%). According to the Debtor, Ticonderoga "is a going-concern entity providing agricultural tourism services to the general public, events space, as well as engaging in real

estate development and real estate investment. The business currently employs twenty–two people, provides services to the public, and owns tens of millions of dollars in real estate. That real estate requires development and zoning work in order to realize its highest and best value." Docket No. 62, pg. 2. The dispute before the Bankruptcy Court centers around prepetition LLC dissolution proceedings currently pending and stayed in the Loudoun County Circuit Court before the Honorable Stephen Sincavage. Following a trial on the merits, Judge Sincavage ruled from the bench that pursuant to Virginia law, Ticonderoga had to be dissolved because the business could not carry on as a result of disputes between Ticonderoga's members. See Docket No. 18-3, Transcript of April 29, 2022 Hearing in *Alexandra B. Knop, et al. v. Peter J. Knop, et al.*, Case No. 20003558-00, 4/29/22 Tr. at 44:20-45:4.

Prior to entry of a final order memorializing that ruling, the instant Bankruptcy Case was filed. The Movants subsequently filed their Motion to Dismiss in favor of the state court liquidation proceedings. The Debtor opposes the requested relief and asserts that it filed the instant case seeking to reorganize and maximize the value of its assets.

**Jurisdiction**

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157(b)(1), and the Order of Reference entered by the U.S. District Court for this District on August 15, 1984. This is a Core Proceeding under 28 U.S.C. § 157(b)(1).

**Conclusions of Law**

Section 305 of the Bankruptcy Code provides that the Court may dismiss a case or may suspend all proceedings in a case at any time if the interests of creditors and the debtor would be better served by such dismissal or suspension. 11 U.S.C. § 305. The decision whether to dismiss a case pursuant to section 305 lies solely within the discretion of the Bankruptcy Court. *In re Williamsburg Suites, Ltd.*, 117 B.R. 216, 218 (Bankr. E.D. Va. 1990) (internal citations omitted). The party seeking relief under Section 305(a) bears the burden of proof. *In re RHTC Liquidating Co.*, 424 B.R. 714, 720 (Bankr. W.D. Pa. 2010). Courts in this jurisdiction have dismissed cases under section 305 where a non-bankruptcy proceeding would dispose

of the issues raised in the Bankruptcy Court and where dismissal was in the best interests of the debtor and its stakeholders. *See In re Williamsburg Suites, Ltd.*, 117 B.R. 216, 220 (Bankr. E.D. Va. 1990) (dismissing case where bankruptcy proceedings were merely a continuation of a disagreement among the general partners relating to management and operation of a single asset partnership which was already in dissolution). In *Williamsburg Suites*, Judge Shelley was confronted with whether to dismiss an involuntary chapter 11 bankruptcy case filed against a partnership during the pendency of a dissolution trial in state court. In that case, all parties agreed that the partnership could not continue as a going concern. The only question was whether the Bankruptcy Court or the state court would oversee the winding up of the Debtor. In analyzing whether the interests of the creditors and the debtor-partnership would be better served by dismissal under section 305, Judge Shelley analyzed Virginia partnership law, finding that Virginia law establishes a comprehensive and detailed procedure for determining the rights of the general partners and creditors of the partnership. Judge Shelley also found that it was highly unlikely that a chapter 11 bankruptcy proceeding would proceed more smoothly than the state court proceeding, particularly given the ongoing disputes between the partners (like are present with respect to the members in the instant case). Judge Shelley also noted that chapter 11 cases are expensive given the many procedural requirements and professionals involved, all of which impose administrative costs that will be borne by the estate. *In re Williamsburg Suites, Ltd.*, 117 B.R. 216, 220 (Bankr. E.D. Va. 1990).

The Court finds the *Williamsburg Suites* case particularly instructive. While the Debtor argues that this Court's cases abstaining under section 305 (including *Williamsburg Suites*) have only been applied in the involuntary petition context, a review of the cited authority reveals that the involuntary nature of the petition was not the controlling inquiry—instead the Courts dismissing cases under section 305 focused on whether the creditors and debtor would be better served by the proceeding in another forum. Moreover, the text of section 305 does not limit its applicability to involuntary cases. 11 U.S.C. § 305.

The relevant facts of the instant dispute are strikingly similar to those in *Williamsburg Suites*. Here, not only have the state court dissolution proceedings reached the trial stage, but the trial has actually

concluded and Judge Sincavage has already announced his ruling that Virginia law requires that Ticonderoga be dissolved. All that remains is entry of the final judgment memorializing that ruling. Judicial economy would suggest that it would be a waste of estate resources to retry issues in this Court that have already been tried on the merits in state court. Judge Sincavage has extensive experience with these matters, these parties and the corresponding issues. There is no reason for this Court to believe that the Debtor and its creditors and other stakeholders would be better served by having another court step in cold (while also approving fees for professionals that would be borne by the estate) when the state court has already considered the extensive record and has issued an oral ruling.

Like Virginia partnerships in the *Williamsburg* Suites case, the only task a Virginia LLC in dissolution is faced with is winding up. *See* Va. Code § 13.1-1048 (providing that upon dissolution the members or liquidating trustee may wind up the company). Further, just like with Virginia partnerships, Virginia LLC law provides a comprehensive and detailed procedure for determining the rights of the members of the Debtor as well as the Debtor's creditors. *See* Va. Code § 13.1-1049 (provisions governing distribution of assets upon dissolution); Va. Code § 13.1-1049 (right of members to accounting and information). Absent a waiver of dissolution by the Movants (which can occur in or outside of bankruptcy), Judge Sincavage's pending ruling (and the undisputed underlying fact that the disputes between the members have made it not reasonably practicable for the Debtor to carry on business) means that the only real task before the Debtor is to wind up.

The Debtor argues that it intends to reorganize and preserve its business and assets as a going-concern and allow for the development of its portfolio to realize its full value, rather than allow liquidation through the state court proceeding. Docket No. 62, pgs. 1-2. In particular, the Debtor has pointed to a land development and sale contract it seeks to assume, arguing that the contract requires the Debtor to perform certain tasks related to zoning and entitlements with respect to the land to be sold. The Motion to assume that contract is currently set for hearing on August 23, 2022. Essentially, the Debtor asserts that as a result of this contract, the creditors and the debtor's members would be better served by the chapter 11 process.

At the outset, the Court notes that it is unclear why this contract needs to be approved through the bankruptcy process and that it is equally unclear why a state court-appointed liquidating trustee would be unable to perform the tasks required with respect to the contract. Separately, the Court finds that the contract would not benefit the estate because it calls for the proceeds of the sale, save for 1%, to be distributed to the members of the LLC directly, rather than to the Debtor, to be distributed according to the priorities under the Bankruptcy Code. *See* Docket No. 71-1, pg. 6, subparagraph 8 (contract provision for distribution of settlement proceeds); Docket No. 71-1, pg. 25, subparagraph 2 (definition of "Net Proceeds of Sale"). While the purported buyer under that contract has filed a response to the Debtor's Motion to Assume indicating that it would like the contract to be assumed, but for the proceeds to be subject to the Bankruptcy Code's priority scheme, the Court is not at liberty to pick and choose which terms of an assumed contract will take effect. *U.S., Dep't of Air Force v. Carolina Parachute Corp.*, 907 F.2d 1469, 1472 (4th Cir. 1990) (a debtor assumes an executory contract *cum onere*; a debtor may not assume the favorable aspects of a contract and reject the unfavorable aspects of the same contract). Assumption of this contract according to its terms would result in distributions of estate assets outside of the priority scheme under the Code and provide virtually no benefit to the Debtor (the 1% of proceeds is earmarked to cover expenses) or its creditors. As a result, the Court finds that the contract does not support the Debtor's argument that it is legitimately reorganizing under chapter 11.

Although the Debtor claims it is reorganizing, it concedes in its papers that it will seek to sell "significant assets" and that its goals are to "(a) utilize the debtor's assets to maximize their value, (b) pay the creditors that exist in full, and (c) allow the owners to obtain a fair return on their ownership interests but separate their affairs." Docket No. 62, pg. 2. In short, the Court sees no real reorganization in prospect, particularly given the inability of the Debtor to reasonably carry on business as ruled from the bench by Judge Sincavage, but instead, just an attempt at a liquidation or windup in another forum. Under these circumstances, and given the previously discussed increased costs associated with the chapter 11 process, the Court finds the Movants have met their burden to prove that the Debtor and its members and creditors

would not be better served by the chapter 11 process. Indeed, proceedings in this court would either (1) be duplicative of the proceedings that have already occurred and are still underway and pending in the state court dissolution proceeding or (2) would impose unnecessary costs to liquidate property that, as noted above, can be more efficiently liquidated in the state court proceeding. In sum, given that Ticonderoga is in dissolution and that there exists a comprehensive state law mechanism for deciding the significant issues facing Ticonderoga, the Court concludes that Ticonderoga and its creditors and members would be better served by the dismissal of this case pursuant to section 305(a)(1) of the Bankruptcy Code.

## Conclusion

It is therefore **ORDERED**:

A. The Movant's Motion to Dismiss is GRANTED pursuant to 11 U.S.C. § 305(a)(1).

B. This case is DISMISSED.

C. The Clerk will mail copies of this Opinion and Order, or will provide electronic notice of its entry, to the parties listed below.

Date: Aug 22 2022

/s/ Klinette H Kindred

Klinette H. Kindred
United States Bankruptcy Judge

Entered On Docket: Aug 22 2022

Copies to:

Bradley D. Jones
*Counsel to the Debtor in Possession*

W. Hunter Winstead
*Proposed Co-Counsel to the Debtor in Possession*

Sara Kathryn Mayson
*Office of the U.S. Trustee*

Nicholas M. DePalma
*Counsel to the Movants*